UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

TANZA SMITH                                               CIVIL ACTION

VERSUS                                                    NO: 10-3646

RENEE BELLOWS                                             SECTION: R(4)


ORDER AND REASONS

Before the Court is defendant Renee Bellows motion to dismiss Tanza Smith's claim against her for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1]  Because the Court finds that there is no basis for subject matter jurisdiction, Bellows's motion is GRANTED.


I.   BACKGROUND

Tanza Smith filed a complaint *pro se* and *in forma pauperis*

---

   [1]    (R. Doc. 9.)

on October 14, 2010 against Bellows.[2]  The complaint states that Smith is a resident of Orleans Parish, Louisiana and alleges that Bellows is the "Chase bank president where [Smith] does [her] banking."[3]  Smith further alleges that, in February 2009, she received over $2,000 on her "chase unemployment card which is a direct deposit card."[4]  Smith claims that, at the end of the month, $1,200 was missing from her account.[5]  According to Smith, Bellows "was suppose[d] to start an investigation and let me know what she found but I only got the run around."[6]  Smith further explains,

> No one at the bank bother[ed] to take me serious when I tired [sic] to get to the bottom of my money missing.  All I got was the run around and a couple of phone calls from the Chase bank President Ranee [sic] Bellows who assured me she would investigate and keep in touch.  After about a week Ranee [sic] Bellows had only called me one time and did not have an explanation for the missing money out of my account.[7]

In terms of relief, Smith asks that the $2,000 be "returned in

---

[2]   (R. Doc. 1.)

[3]   (R. Doc. 1 at 1.)

[4]   (*Id.*)

[5]   (*Id.*)

[6]   (*Id.*)

[7]   (*Id.*)

full [f]or pain and suffering and my 1,200.00 dollars.[8]

Bellows now moves to dismiss Smith's action for lack of subject matter jurisdiction.[9]

**II. DISCUSSION**

A federal court may not entertain a case unless authorized to do so by the Constitution and legislation. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). The jurisdiction of federal courts extends to actions that involve a federal question, diversity suits, admiralty actions, suits against foreign states, and bankruptcy proceedings. *See* 28 U.S.C. §§ 1330-34. Moreover, there is a presumption against subject matter jurisdiction "that must be rebutted by the party bringing an action to federal court." *Id*.

The Court finds that Smith has not carried her burden in rebutting the presumption against subject matter jurisdiction with regard to her claim against Bellows. The Court first notes that Smith alleges no basis for jurisdiction in her original or amended complaint. Nevertheless, because Smith is appearing *pro se*, the Court construes her pleadings liberally. Two

---

[8]   (*Id.* at 2.)

[9]   (R. Doc. 9.)

3

possibilities for jurisdiction exist: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.

The Court finds that there is no basis for federal question jurisdiction here under 28 U.S.C. § 1331. Although the grounds for Smith's suit are not entirely clear, she makes no explicit reference to any federal law or cause of action in her original or amended complaint. Even construing Smith's complaint liberally, Smith's claim against Bellows does not appear to arise under the Constitution, laws, or treaties of the United States as required for jurisdiction under § 1331. While financial institutions are required by the Electronic Funds Transfer Act (EFTA) to investigate an alleged unauthorized withdrawal within 10 days of having been notified, *see* 15 U.S.C. § 1693f(a), and can be held civilly liable for failing to do so, *see id.* § 1693f(e) (providing for treble damages if a financial institution fails to make a good faith investigation of the alleged error), the EFTA establishes no such liability for individual bank employees, *cf. id.* § 1693a(8) (defining "financial institution" as a "State or National bank, a State or Federal savings and loan association, a mutual savings bank, a State or Federal credit union, or any other person who, directly

or indirectly, holds an account belonging to a consumer").[10] Accordingly, the Court finds that Smith's claim against Bellows does not raise a federal question that could provide a basis for subject matter jurisdiction.

In addition, there is no diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists if the parties are diverse, and the amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332. The party seeking to invoke federal diversity jurisdiction bears the burden of proving both requirements. *See Garcia v. Koch Oil of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Bellows's citizenship is not apparent from the record. Yet, even if the parties were diverse, Smith has not alleged that the amount in controversy exceeds $75,000. To the contrary, Smith states, "For my relief I would like to receive *only* my 2000.00 returned in full [f]or pain and suffering and my 1,200.00 dollars."[11] Because it appears to a legal certainty that Smith's claim is for less than the jurisdictional amount, the Court lacks jurisdiction under § 1332. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.

---

[10]   The Court notes that Smith has filed a motion for leave to amend her complaint to add Chase Bank as a defendant. (R. Doc. 11.) The Court will address Smith's motion to amend in a separate order.

[11]   (R. Doc. 1 at 2) (emphasis added).

1998) ("To justify dismissal, 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'") (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

### III. CONCLUSION

For the foregoing reasons, the Court DISMISSES WITHOUT PREJUDICE Smith's claim against Bellows.

New Orleans, Louisiana, this 17th day of March, 2011.

_____*Sarah Vance*_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE