```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

TANZA SMITH                                    CIVIL ACTION

VERSUS                                         NO: 10-3646

RENEE BELLOWS                                  SECTION: R(1)
```

**ORDER AND REASONS**

Before the Court is defendant JPMorgan Chase Bank NA's unopposed motion to dismiss Tanza Smith's action for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1]  Because the Court finds that there is no basis for subject matter jurisdiction, JPMorgan Chase's motion is GRANTED.

**I.   BACKGROUND**

Tanza Smith filed a complaint *pro se* and *in forma pauperis* on October 18, 2010 against Renee Bellows.[2]  The complaint states that Smith is a resident of Orleans Parish, Louisiana and alleges that Bellows is the "Chase bank president where [Smith] does [her] banking."[3]  Smith further alleges that, in February 2009, she received over $2,000 on her "[C]hase unemployment card which

---

    [1]    (R. Doc. 21.)

    [2]    (R. Doc. 1.)

    [3]    (R. Doc. 1 at 1.)

is a direct deposit card."[4]  Smith claims that, at the end of the month, $1,200 "came up missing out of [her] account."[5]  According to Smith, Bellows "was suppose[d] to start an investigation and let me know what she found but I only got the run around."[6]  Smith further explains,

> No one at the bank bother[ed] to take me serious when I tired [sic] to get to the bottom of my money missing.  All I got was the run around and a couple of phone calls from the Chase bank President Ranee [sic] Bellows who assured me she would investigate and keep in touch.  After about a week Ranee [sic] Bellows had only called me one time and did not have an explanation for the missing money out of my account.[7]

Smith also submits her January 2010 account statement, which indicates that $1,200 in cash was withdrawn from her account on January 19, 2010.[8]  In terms of relief, Smith asks that the $2,000 be "returned in full [f]or pain and suffering and my 1,200.00 dollars."[9]

On March 17, 2011, the Court granted Bellows's motion to dismiss for lack of subject matter jurisdiction.[10]  The Court

---

[4]   (*Id.*)

[5]   (*Id.*)

[6]   (*Id.*)

[7]   (*Id.*)

[8]   (*Id.* at 3.)

[9]   (*Id.* at 2.)

[10]  (R. Doc. 12.)

2

then granted Smith's motion for leave to amend her complaint,[11] adding JPMorgan Chase as a defendant.[12]  Smith's amended complaint provides:

> I add Chase Bank Because the Bank is Responsible for what happen[ed] to my Account.  As well as the employee respond [*sic*] to the Customer that come into their bank.  I'm very concern[ed] about what Happen[ed] to my Funds in their bank.[13]

JPMorgan Chase now moves to dismiss Smith's action for lack of subject matter jurisdiction.[14]

**II.  DISCUSSION**

A federal court may not entertain a case unless authorized to do so by the Constitution and legislation.  *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).  The jurisdiction of federal courts extends to actions that involve a federal question, diversity suits, admiralty actions, suits against foreign states, and bankruptcy proceedings.  *See* 28 U.S.C. §§ 1330-34.  Moreover, there is a presumption against subject matter jurisdiction "that must be rebutted by the party bringing an action to federal court."  *Id*.

---

[11]   (R. Doc. 13.)

[12]   (R. Doc. 14.)

[13]   (*Id.* at 2.)

[14]   (R. Doc. 21.)

The Court finds that Smith has not carried her burden in rebutting the presumption against subject matter jurisdiction. The Court first notes that Smith alleges no basis for jurisdiction in her original or amended complaint. Nevertheless, because Smith is appearing *pro se*, the Court construes her pleadings liberally. Two possibilities for jurisdiction exist: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.

The Court finds that there is no basis for federal question jurisdiction here under 28 U.S.C. § 1331. Although the grounds for Smith's suit are not entirely clear, she makes no explicit reference to any federal law or cause of action in her original or amended complaint. Even construing Smith's complaint liberally, Smith's claim against JPMorgan Chase does not appear to arise under the Constitution, laws, or treaties of the United States as required for jurisdiction under § 1331. While financial institutions are required by the Electronic Funds Transfer Act (EFTA) to investigate an alleged unauthorized withdrawal within 10 days of having been notified, *see* 15 U.S.C. § 1693f(a), and can be held civilly liable for failing to do so, *see id.* § 1693m, Smith does not appear to allege a cause of action under the EFTA. The EFTA applies to transfers of funds, "other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic

4

terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account." 15 U.S.C. § 1693(a)(6). Also excluded from the statute's scope are transactions that involve personal contact between the person initiating the transaction a bank employee. *See Kashanchi v. Texas Commerce Medical Bank, N.A.*, 703 F.2d 936, 940-41 (5th Cir. 1983) (finding that plaintiff's claim did not fall within the EFTA because the transaction was initiated by telephone and noting the "essential difference between electronic fund transfer systems and personal transfers by phone or by check"); *Davis v. Washington Mutual, Inc.*, 233 F.R.D. 247, 249 (D. Conn. 2005) ("The presence of personal contact with bank personnel who intercede between a consumer and the electronic device used to facilitate a transaction removes the transaction from the scope of the EFTA.") (quoting *Wachter v. Denver Nat'l Bank*, 751 F. Supp. 906, 908 (D. Colo. 1990)).

Smith makes no allegation in either her original or amended complaint that the alleged loss of funds resulted from an electronic funds transfer, stating only that "1,200 came up missing out of my account."[15] Although Smith's account statement indicates a cash withdrawal of $1,200, the statement contains no suggestion that the transaction was initiated electronically, as

---

[15] (R. Doc. 2 at 1.)

opposed to by check or in person.  To the contrary, the statement indicates that the withdrawal was made at a JPMorgan Chase branch location and that no ATM fee was assessed, even though Smith was assessed ATM fees for other withdrawals.  Moreover, Smith has not filed a response to JPMorgan Chase's motion, which might have shed light on the facts surrounding her claim.  Accordingly, the Court finds that Smith's claim against JPMorgan Chase does not raise a federal question that could provide a basis for subject matter jurisdiction.

In addition, there is no diversity jurisdiction under 28 U.S.C. § 1332.  Diversity jurisdiction exists if the parties are diverse, and the amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332.  The party seeking to invoke federal diversity jurisdiction bears the burden of proving both requirements.  *See Garcia v. Koch Oil of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).  JPMorgan Chase's citizenship is not apparent from the record.  Yet, even if the parties were diverse, Smith has not alleged that the amount in controversy exceeds $75,000.  Smith's complaint states, "For my relief I would like to receive *only* my 2000.00 returned in full [f]or pain and suffering and my 1,200.00 dollars."[16]  Because it appears to a legal certainty that Smith's claim is for less than the jurisdictional amount, the Court lacks jurisdiction under § 1332.

---

[16]   (R. Doc. 1 at 2) (emphasis added).

*See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("To justify dismissal, 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'") (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

## III. CONCLUSION

For the foregoing reasons, JPMorgan Chase's motion is GRANTED, and Smith's action is DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 7th day of July, 2011.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE